UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHANIE F. GREYER,

    Plaintiff,

  v.                                                                  Case No. 24-CV-1388-SCD

JUDGE MILIAN,

    Defendant.

---

## REPORT AND RECOMMENDATION

---

Since 2022, Stephanie Greyer has filed ten civil actions in the Eastern District of Wisconsin. *See Greyer v. Does*, No. 24-CV-301-JPS, 2024 WL 1051213, 2024 U.S. Dist. LEXIS 41917, at *1 n.1 (E.D. Wis. Mar. 11, 2024) (listing prior cases). In each case, Greyer sought permission to proceed without paying the court's filing fee. Each of the previous nine cases was dismissed as frivolous. This tenth case should suffer the same fate.

Section 1915(e)(2)(B)(i) of the United States Code requires dismissal if the court determines that a case is frivolous. For purposes of that statute, "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* at 32. "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Weinschenk v. CIA*, 818 F. App'x 557, 558 (7th Cir. 2020) (citing *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)).

Like the others, Greyer's latest complaint clearly is frivolous. She names as defendants "Milian"—presumably the former star of the courtroom show *The People's Court*—and "women from Ft. Myers, Fl." ECF No. 1 at 1. Greyer's factual allegations are largely incoherent. *See id.* at 2–3. She alleges that Judge Milian, who she says is a federal officer or mover, removed her and negated her life structure. She also lists a series of physical and sexual assaults she claims to have suffered in Milwaukee supposedly at the hands of federal agents. Attached to her complaint is another complaint that contains similar allegations against the United States Department of Justice, the White House (including President Biden and members of his family), the Federal Bureau of Investigation, and the Office of Public Affairs. *See* ECF No. 1-1 at 4–9. It is clear from reading Greyer's confusing and fanciful allegations that "the case is going nowhere" and should be dismissed. *Weinschenk*, 818 F. App'x at 558 (quoting *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015)); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (explaining that courts need not grant leave to amend "[w]here it is clear that the defect [in the complaint] cannot be corrected").

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that this case be dismissed as frivolous; (2) that Greyer's request to proceed in district court without prepaying the filing fee, ECF No. 2, be denied as moot; (3) that Greyer's motion to reassign this matter to Judge Ludwig, ECF No. 3, be denied; (4) that Greyer's motion to appoint counsel, ECF No. 4, be denied; and (5) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 21st day of November, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge